IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Constance Bradley, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 6314 |
| Arrow Financial Services, LLC, a Delaware limited liability company, and Redline Recovery Services, LLC, a Georgia corporation, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Constance Bradley, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; b) one Defendant is headquartered here; and, c) both Defendants reside and transact business here.

**PARTIES**

3.  Plaintiff, Constance Bradley ("Bradley"), is a citizen of the State of New York from whom Defendants attempted to collect a delinquent consumer debt owed for a First Premier Bankcard credit card, despite the fact that she was represented by the

legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Arrow Financial Services, LLC ("Arrow"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts from consumers in Illinois. In fact, Arrow was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Bradley.

5. Defendant Arrow is licensed to conduct business in the State of Illinois, maintains a registered agent here, and is headquartered here in Niles, Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Arrow conducts business in Illinois.

6. Defendant Arrow is licensed as a debt collection agency in the State Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Arrow acts as a collection agency in Illinois.

7. Defendant Arrow is a bad debt buyer, which specialize in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect, via other collection firms.

8. Defendant, Redline Recovery Services, LLC ("Redline"), is a Georgia corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Redline operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including

consumers in the State of Illinois. In fact, Defendant Redline was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Bradley.

9. Defendant Redline is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit C. In fact, Redline conducts business in Illinois.

10. Moreover, Defendant Redline is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit D. In fact, Redline acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

11. Ms. Bradley is a senior citizen, with limited assets and income, who fell behind on paying her bills, including one she owed for a First Premier Bankcard credit card. At some point in time after that debt became delinquent, Defendant Arrow purchased that debt, and when it began collection action on the First Premier debt, Ms. Bradley sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Arrow's collection actions.

12. Specifically, Defendant Arrow hired another debt collector, Tate & Kirlin Associates, to demand payment of the Arrow/First Premier debt from Ms. Bradley. Accordingly, on February 3, 2010, one of Ms. Bradley's attorneys at LASPD informed Defendant Arrow, through its agent, Tate & Kirlin, that Ms. Bradley was represented by counsel, and directed Arrow to cease contacting her, and to cease all further collection activities because Ms. Bradley was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as

Case: 1:10-cv-06314 Document #: 1 Filed: 10/01/10 Page 4 of 6 PageID #:4

Exhibit E.

13. Nonetheless, despite being advised that Ms. Bradley was represented by counsel and refused to pay the debt, Defendant Arrow then had Defendant Redline send Ms. Bradley a collection letter, dated July 22, 2010, which demanded payment of the Arrow/First Premier debt. A copy of this letter is as Exhibit F.

14. Accordingly, on September 13, 2010, one of Ms. Bradley's attorneys at LASPD again had to inform Defendants, in writing, that Ms. Bradley was represented by counsel, and to direct them to cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit G.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Ms. Bradley's agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate

4

regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew that Ms. Bradley was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Bradley. By directly writing to Ms. Bradley, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Constance Bradley, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Bradley, and against Defendants, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Constance Bradley, demands trial by jury.

    Constance Bradley,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: October 1, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com